UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CYNTHIA WARD,                                   :   Civil Action No.:  17-cv-04790
                                                :   (JGK)(JCF)
                         Plaintiff,             :
                                                :   **[PROPOSED] JOINT CIVIL CASE**
          - against -                           :   **DISCOVERY PLAN**
                                                :
CHANEL, INC.,                                   :
                                                :
                         Defendant.             :
                                                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

  In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, Defendant Chanel, Inc. ("Chanel") and Plaintiff Cynthia Ward ("Plaintiff") submit this Proposed Joint Discovery Plan.

  Pursuant to Fed. R. Civ. P. 26(f), Mary Ahrens Vadasz of Seyfarth Shaw LLP for Chanel and Meghan Goddard of Goddard Law for Plaintiff participated in a telephonic meeting on December 5, 2017, after which the parties agreed to the following:

*Rule 26(f)(3)(A).  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.*

  The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before January 9, 2018.  No changes to the form or requirement for disclosures under Rule 26(a) are necessary.

*Rule 26(f)(3)(B).  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.*

  Discovery will be taken concerning Plaintiff's allegations of discrimination and retaliation; Plaintiff's work performance; the reasons for Chanel's employment decisions with

respect to Plaintiff; Plaintiff's alleged damages; and such other subjects as may become apparent during the course of discovery. Discovery will be conducted in phases, as follows:

1. The last date by which the parties may move to amend the pleadings or join any other parties is **January 19, 2018**.

2. Initial requests for production of documents shall be served by **February 21, 2018**.

3. Interrogatories shall be served by **February 21, 2018**.

4. Fact depositions shall be completed by **June 13, 2018**.

5. Any further requests for production or interrogatories shall be served by **July 12, 2018**.

6. Requests to admit shall be served by **July 12, 2018**.

7. The last date for Plaintiff to produce expert reports, if any, is **August 16, 2018.**

8. The last date for Defendants to produce expert reports, if any, is **September 27, 2018.**

9. The parties will complete depositions of experts, if any, by **October 18, 2018.**

10. All discovery shall be completed by **November 15, 2018.**

11. Any requests for pre-motion conferences for filing motions for summary judgment will be served by **December 6, 2018**. A schedule for summary judgment briefing shall be set at such pre-motion conference.

12. In the event that either party files a motion for summary judgment, the joint pretrial order shall be submitted to the Court within 30 days after a decision on such motion is issued. Otherwise, the parties will submit a joint pre-trial order by **January 10, 2019**.

13. A pre-trial conference will be held on _____ [**to be determined by the Court].**

*Rule 26(f)(3)(C).  Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.*

The parties will confer regarding the discovery of electronically stored information, including: (i) the scope of their obligations to preserve, collect, review, and produce such information; and (ii) the form in which relevant, non-privileged ESI will be produced.  The parties will inform the Court in the event they are unable to reach agreement on any issue regarding disclosure or discovery of electronically stored information.

*Rule 26(f)(3)(D).  Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.*

The parties do not contemplate any issues with respect to privilege that the parties will not be able to address.

*Rule 26(f)(3)(E).  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

The parties do not contemplate any issues with respect to limitations on discovery that the parties will not be able to be addressed among themselves.

42900525v.2

*Rule 26(f)(3)(F).  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

A confidentiality agreement is necessary in this action to govern the treatment of its confidential information and documents to be produced during discovery.  The parties anticipate reaching agreement on the terms of a confidentiality agreement and anticipate filing this agreement with the Court.

Dated:  December 5, 2017
          New York, New York

| **GODDARD LAW PLLC** | **SEYFARTH SHAW LLP** |
|---|---|
| By: /s/ *Megan S. Goddard*<br>   Megan S. Goddard<br>   39 Broadway, Suite 1450<br>   New York, New York 10006<br>   (646) 504-8363<br>   megan@goddardlawnyc.com<br>    *Attorneys for Plaintiff* | By:       /s/ *Mary Ahrens Vadasz*<br>   Mary Ahrens Vadasz<br>   620 Eighth Avenue, 32nd Floor<br>   New York, New York 10018-1405<br>   (212) 218-5500<br>   mvadasz@seyfarth.com<br>   *Attorneys for Defendant* |

SO ORDERED:

_____
Hon. John G. Koeltl, United States District Judge

## C<span>ERTIFICATE OF</span> S<span>ERVICE</span>

I hereby certify that on December 5, 2017, a true copy of this Joint Proposed Discovery Plan was filed through the Court's ECF system and that counsel for Plaintiff is a registered user of the ECF system designated to receive Notices of Electronic Filings generated by the ECF system in this matter.

          /s/ *Mary Ahrens Vadasz*
          Mary Ahrens Vadasz